UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
FANNY "FEI FEI" GUNAWAN,

              Plaintiff,                             09 CV 5018 (ALC)

     v.                                    MEMORANDUM AND
                                                 ORDER

SAKE SUSHI RESTAURANT,

              Defendant.
---------------------------------------------------X

**CARTER, United States Magistrate Judge:**

On November 16, 2009 Plaintiff Fanny "Fei Fei" Gunawan ("Plaintiff" or "Gunawan")

filed the complaint ("Complaint") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et

seq., and related New York Labor Laws.  The Complaint alleges that Gunawan's former

employer, defendant Sake Sushi Restaurant ("Defendant" or "Sake Sushi") failed to pay her

minimum wage and failed to compensate her for overtime hours worked.  She now moves for

summary judgment on those claims.  Based on the submissions of the parties, and for the reasons

stated below, Plaintiff's motion is denied.

BACKGROUND

The facts and circumstances surrounding this action are largely uncontested.  From May

2006 until approximately June 2007, Plaintiff worked as a waitress at Sake Sushi, an

establishment subject to both the Fair Labor Standards Act and New York Labor Law.  (Pl. R.

56.1 Stat. ¶¶ 1-3.)  During that time, she worked 63.25 hours per week.  (Pl. R. 56.1 Stat. ¶ 5.)

On five days per week, she worked more than ten hours per day.  (Pl. R. 56.1 Stat. ¶ 7.)  In her

deposition, Guanawan testified that her wages consisted of a monthly payment of $500, and a

percentage of the tips she collected.  Gunawan was terminated by Sake Sushi in June 2007.  She

1

claims that, at that point, she learned of the minimum wage and overtime laws.  (Ex. C to Zeiss

Affirmation (Docket No. 18-2) at 30:23-25.)  She filed the instant action on November 16, 2009,

stating a total of six claims: two under the Fair Labor Standards Act for failure to pay minimum

wage and failure to pay overtime; and four state law claims for violating New York's Minimum

Wage Act, for failing to pay overtime, illegally deducting her gratuities and failure to abide by

certain "Spread of Hours" provisions.  On October 8, 2010, Gunawan moved for summary

judgment, arguing principally that Defendant's failure to keep employee payroll records coupled

with Plaintiff's recollection and testimony of hours worked and paid establishes its liability

under all theories charged.  In opposition, Defendant argues that Plaintiff's claims are barred by

the two-year FLSA statute of limitations and that there are material issues of fact regarding

Plaintiff's work hours and related to whether Sake Sushi is entitled to a tip credit that would

discharge certain FLSA requirements.


DISCUSSION

A.  *Legal Standard*

A party moving for summary judgment has the burden of establishing that there exists no

genuine issue of material fact and that the moving party is entitled to judgment as a matter of

law.  See Fed. R. Civ. P. 56(c); Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007);

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986); Ford v.

Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).  Material facts are those that may affect the

outcome of the case.  See Anderson, 477 U.S. at 248; 106 S.Ct. at 2510.  An issue of fact is

considered "genuine" when a reasonable finder of fact could render a verdict in favor of the non-

moving party.  See Ricci v. DiStefano, __ U.S. __; 129 S.Ct. 2658, 2677 (2009).

In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248, 106 S.Ct. at 2510). If the Court recognizes any material issues of fact, summary judgment is improper, and the motion must be denied. See Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985).

If the moving party discharges its burden of proof under Rule 56(c), the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading." Anderson, 477 U.S. at 256, 106 S.Ct. 2510. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-8. Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. See Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1999) ("When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.").

B. *Statute of Limitations*

The statute of limitations under the FLSA is two years, except when the violation is "willful," in which case it is extended to three years. See 29 U.S.C. § 255(a). Willful "is generally understood to refer to conduct that is not merely negligent." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677, 1681 (1988). Conduct is willfull if "the employer

either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." Id.

A claim for unpaid wages ripens on the date the employee should have been paid. Yang v. ACBL Corp., 427 F. Supp. 2d 327, 337 (S.D.N.Y. 2005).  Therefore, since Plaintiff's employ began in May 2006 and she alleges that wages were paid on a monthly basis, her claim accrued in June 2006, but the Complaint was not filed until November 2009.  Applying the two year statute of limitations would result in the dismissal of her FLSA claims in their entirety.  However, if the three year statute of limitations were applied, that portion of her claim accruing on or after November 2006 (i.e., those related to wages earned from October 2006 to June 2007) would be timely.  It would be Plaintiff's burden to prove that the longer limitations period should apply, Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 1999), and she has not argued that it should.

Instead, Plaintiff asks that the Court equitably toll the statute of limitations for the entire period of her employment.   In "rare and exceptional circumstances" a statute of limitations can be tolled "as necessary to avoid inequitable circumstances."  Yahraes v. Restaurant Assoc. Events Corp., No. 10 CV 935 (SLT) (SMG), 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011); see also Ramirez v. CSJ & Co., Inc., No. 06 CV 13677 (LAK), 2007 WL 1040363, at *2 ("Equitable tolling is an exceedingly narrow doctrine.") (citations omitted).  Typically, equitable tolling is applied "where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453 (1990).  Accordingly, Plaintiff must demonstrate that she (1) "acted with reasonable diligence during the time period she seeks to

4

have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelgass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003).

Here, Plaintiff argues that the statute of limitations should be tolled because of Defendant's failure to post a notice of worker's rights, as required by 29 C.F.R. § 516.4, or otherwise inform her of those rights. While it is true that "the failure to provide an employee the notice required by the FLSA may be a sufficient basis for tolling," it is insufficiently extraordinary in the absence of "some sort of deception." Copantitla v. Fiskardo Estiatorio, Inc., No. 09 CV 1608 (RJH), 2011 WL 2127808, at *53-54 (S.D.N.Y. May 27, 2011); see also Cao v. Wu Liang Ye Lexington Rest., No. 08 CV 3725 (DC), 2010 WL 4159391, at *1 (S.D.N.Y. Sept. 30, 2010) (an employer's mere failure to notify employees of overtime pay provisions does not warrant equitable tolling) (citing Amendola v. Bristol-Myers Squibb Co., 558 F. Supp. 2d 459, 479 (S.D.N.Y. 2008) ("To hold that a failure to disclose that an employee is entitled to overtime pay is sufficient to work an equitable toll would be tantamount to holding that the statute is tolled in all or substantially all cases seeking unpaid overtime.").); Ramirez, 2007 WL 1040363, at * 3 (finding it "unnecessary to make any categorical pronouncement that the failure to post the notice, in and of itself, warrants equitable tolling.")

Moreover, while Plaintiff would like the Court to toll the limitations period for all of her FLSA claims, she testified that she learned of the laws in June 2007 when she was fired. Even if the statute of limitations were tolled until that date, her FLSA claims would be untimely under the two year statute of limitations. Application of the three year statute of limitations along with its tolling until June 2007 would capture the entire period of employment. However, as stated, supra, Plaintiff bears the burden of demonstrating willful conduct warranting the imposition of the three year limitations period, and she has not made such application to the Court. Therefore,

questions of fact as to both the appropriate statute of limitations and period (if any) for which it should be tolled preclude an award of summary judgment.


C.  *Hours Worked and Wages Paid*

Statute of limitations aside, summary judgment is also inappropriate because questions of fact exist as to the amount of wages paid by Sake Sushi and the legal effect, if any, of the tipping process employed among its staff.  In its response to Plaintiff's request for the production of documents, Sake Sushi indicated that it did not have a personnel file for Plaintiff; neither did it possess tax forms 1099 or a W-2; paychecks or other receipt of payment; schedules indicating hours worked by Plaintiff or any other employee; tip-out reports, or essentially any document evincing any explanation of Sake Sushi's policies, pay practices or accounting whatsoever. Manwah Cheung ("Cheung"), the restaurant's accountant, testified in her deposition to same, but confirmed that Plaintiff worked at least five days per week and routinely more than ten hours per day.  The only ways in which Cheung's deposition testimony materially differs from Plaintiff's is that (1) Cheung claims that Plaintiff was paid $400 every week, while Plaintiff claims she was paid $500 per month; and (2) Plaintiff claims she was required to pool a percentage of her tips with other staff, which Cheung denies.

Under the FLSA, employers have a non-delegable duty to keep accurate records of employees' hours worked and wages paid, along with other conditions and practices of employment.  See 21 U.S.C. § 211(c); Kuebel v. Black & Decker, Inc., 643 F.3d 352, 363 (2d Cir. 2011).    When an employer has failed to discharge this duty, "[t]he solution is not to penalize the employee by denying [her] any recovery on the ground that [s]he is unable to prove the precise extent of uncompensated work."  Anderson v. Mt. Clemens Pottery Co., 328 U.S.

680, 686-687 (1946).   Instead, the Supreme Court articulated a burden-shifting analysis providing that

> an employee has carried his burden if [s]he proves that [s]he has in fact performed work for which [s]he was improperly compensated and if [s]he produces evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.

Anderson, 328 U.S. at 687-88.  The employee's initial burden is not a heavy one, and can be satisfied based entirely on his or her memory.  See Kuebel, 643 F.3d at 362; Canela-Rodriguez v. Milbank Real Estate, No. 09 CV 6588 (JSR), 2010 WL 3701309, at *2 (S.D.N.Y. Sept. 20, 2009); Rivera v. Ndola Pharm. Corp., 427 F. Supp. 2d 381, 388 (E.D.N.Y. 2007).

Here, Plaintiff has met her prima facie burden by testifying as to her recollection of the wages and tip-pooling arrangement at Sake Sushi.  In response, Sake Sushi offers the deposition testimony of Cheung, who recalled, without aid of any official payroll data or documents, that Plaintiff was paid approximately three times the amount alleged by Plaintiff.[1]  Defendant also asks the Court to consider the Declaration of Edwin Santoso ("Santoso"), a cashier at Sake Sushi who alleges that all Sake Sushi employees were paid once per week while Gunawan was employed there.  Santoso does not explain the basis for his allegation that Plaintiff in particular was paid once per week, does not dispute the amount she claims she was paid, and does not

---

[1] In opposition to Plaintiff's motion, Sake Sushi also submitted the Declarations of Shui Pong and Sheng-Rong Zeng, individuals purporting to be the President and manager of Sake Sushi, respectively.  Despite their allegations that they hold positions of authority within the restaurant, possess hire-fire power over the staff, and have access to the coffers of the restaurant, counsel for Plaintiff affirms that neither individual was listed as a potential witness in Defendant's Rule 26 disclosures.  Defendant's opposition brief did not address this issue and nor did Defendant seek leave to file a sur-reply in the face of Plaintiff's objection to the consideration of the Declarations.  Because Federal Rule of Civil Procedure 37(c)(1) prohibits the use of undisclosed evidence in the absence of "substantial justification," those Declarations were not considered. See, e.g., Haas v. Delaware and Hudson Railway Company, Inc., No. 04 CV 1503 (LEK) (RFT), 2007 WL 766324, at *2 (N.D.N.Y. Mar. 8, 2007) (Rule 37(c)(1) "prevents a party from using information in summary judgment motions not previously disclosed to opposing counsel [and] . . .prevent[s] the practice of 'sandbagging' an adversary with new evidence.") (citation omitted). Even were I to consider their Declarations, the outcome of Plaintiff's motion would be unchanged.

speak to the issue of whether Plaintiff was permitted to keep all of the tips she received. It is not clear the extent to which Santoso's Declaration is based upon firsthand knowledge. In any event, the issue of wages paid for hours worked is essentially one of credibility, and for that reason it is inappropriate for resolution at the summary judgment stage. See Vasquez v. Ranieri Cheese Corp., No. 07 CV 464 (ENV) (VVP), 2010 WL 1223606, at *16 (E.D.N.Y. Mar. 26, 2010) ("Ultimately, whether the plaintiff's account is credible is a determination left to the fact-finder."); cf. Canela-Rodriguez, 2010 WL 3701309, at *2 (conflicting testimony as to hours worked must be resolved in favor of the non-moving party on a summary judgment motion); Jin v. Pac. Buffet House, Inc., No. 06 CV 579 (VVP), 2009 WL 2601995, at *6 (E.D.N.Y. Aug. 24, 2009) (finding plaintiff's bench trial testimony to be credible as to hours worked and wages paid); Magnoni v. Smith and Laqueria, LLP, 661 F. Supp. 2d 412, 417 (S.D.N.Y. 2009) (denying employer's motion for summary judgment because "the number of hours. . . worked is a question of fact"); Yang, 427 F. Supp. 2d at 335 (crediting plaintiff's bench trial testimony as to hours worked). Therefore, these issues should be resolved at trial.


## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied.



**SO ORDERED.**



DATED: August 26, 2011                                              /s/
      Brooklyn, New York                          Andrew L. Carter, Jr., U.S.M.J.