Matthew D. Kadushin
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY  10279
(212) 688-5640
(212) 688-2548 (fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**FANNY "FEI FEI" GUNAWAN,**

               **Plaintiff,**

               **v.**                         **No.  Civil Action No. 09-CV-5018**

**SAKE SUSHI RESTAURANT, INC.**

               **Defendant.**
-------------------------------------------------------x

 

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR DEFAULT JUDGMENT PURSUANT TO**
**<u>FEDERAL RULE OF CIVIL PROCEDURE 55 (b)(2)</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ iv

Preliminary Statement ................................................................................................... 1

Background ..................................................................................................................... 2

Legal Argument ............................................................................................................. 2

I.    PLAINTIFF IS ENTITLED TO ENTRY OF DEFAULT JUDGMENT. ......................... 2

    A.   The Well-Pleaded Allegations In The Complaint Must Be Accepted As True ......... 3

    B.   The Allegations Clearly Establish Defendant's Liability ........................................ 4

        1.   Minimum Wage, Overtime And Spread-Of-Hours ........................................ 4

        2.   Misappropriated Tips ...................................................................................... 4

II.   THE COURT MAY SET DAMAGES WITHOUT AN INQUEST ................................. 5

III. PLAINTIFF'S DAMAGE CALCULATIONS ................................................................ 7

    A. Applicable Limitations Periods ................................................................................. 7

    1. The FLSA's Three-Year Statute of Limitations Is Applicable Because
    Defendant's Actions Were Willful. ............................................................................ 7

    2. The FLSA Statute of Limitations ............................................................................ 8

    3. The NYLL Statute of Limitations ............................................................................ 9

    B. Plaintiff May Recover Unpaid Wages At The Ordinary, Statutorily
    Prescribed Minimum Wage And Overtime Rates ...................................................... 9

    1. Defendant Is Not Entitled To A "Tip Credit." ......................................................... 9

    2. The Applicable Minimum Wage Should Be The Higher Of The Federal
    And State Minimum Wage for The Relevant Time Period ....................................... 11

    C. Plaintiff Is Entitled To Liquidated Damages Under The FLSA And
    NYLL ....................................................................................................................... 12

    1. FLSA Liquidated Damages ................................................................................... 12

ii

2. NYLL Liquidated Damages ........................................................................... 12

D.  Plaintiff is Entitled To Prejudgment Interest On Her NYLL Claims ........................... 15

IV.     DAMAGES ANALYSIS ...................................................................................... 16

V.   PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEYS' FEES
     AND COSTS ................................................................................................ 19

Conclusion ............................................................................................................. 22

## TABLE OF AUTHORITIES

<u>CASES:</u>

*Alejo v. Darna Restaurant*, 09 Civ. 5436 (CM) (AJP),
   2010 U.S. Dist. LEXIS 133613 (S.D.N.Y. Dec. 17, 2010) ...................................... 5, 7

*Alston v. Northstar La Guardia LLC*, 10 Civ. 3611 (LAK) (GWG),
   2010 U.S. Dist. LEXIS 90958 (S.D.N.Y. Sept. 3, 2010) ........................................ 3

*Anderson v. Mt. Clemens Pottery Company,*
   328 U.S. 680, 66 S. Ct. 1187 (1946) .................................................................. 6,7

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,*
   522 F.3d 182 (2d Cir. 2008) ............................................................................ 19,20

*Ayres v. 127 Restaurant Corporation,*
   12 F. Supp. 2d 395 (S.D.N.Y. 1998) ............................................................... 10,13,14

*Barfield v. New York City Health & Hospitals Corporation,*
   537 F.3d 132 (2d Cir. 2008) ............................................................................ 12

*Blue v. Finest Guard Services*, 09 CV 133 (ARR),
   2010 U.S. Dist. LEXIS 73223 (E.D.N.Y. June 24, 2010) ................................. 13,16

*Boyke v. Superior Credit Corporation*, 01-CV-0290,
   2006 U.S. Dist. LEXIS 93928 (N.D.N.Y Dec. 28, 2006)................................... 4

*Brock v. Wilamowsky,*
   833 F.2d 11 (2d Cir. 1987) ............................................................................... 13,14

*Cao v. Wu Liang Ye Lexington Restaurant*, 08 Civ. 3725 (DC),
   2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sept. 30, 2010) ............................... *passim*

*Carter v. Frito-Lay, Inc.*,
   425 N.Y.S.2d 115, 74 A.D.2d 550 (1st Dep't 1980) ........................................ 15

*Cesario v. BNI Construction,* No. 07 Civ. 8545,
   2008 U.S. Dist. LEXIS 103155 (S.D.N.Y. Dec. 15, 2008) ............................... 5,7,19

*Chan v. Sung Yue Tung Corporation*, 03 Civ. 6048 (GEL),
   2007 U.S. Dist. LEXIS 7770 (S.D.N.Y. Feb. 1, 2007)....................................... *passim*

*Chan v. Triple 8 Palace*, No. 03 Civ. 6048,
   2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. March 30, 2006) ............................... 11

*Chao v. Vidtape,*
   196 F. Supp. 2d 281 (E.D.N.Y. 2002) ..................................................................... 7

*Cotton v. Slone,*
   4 F.3d 176 (2d Cir. 1993) ................................................................................... 1

*Da Silva v. Bennet Street Development Corporation,*
   CV 05-2989 (ARR)(MDG),
   2010 U.S. Dist. LEXIS 112832 (E.D.N.Y. Sept. 24, 2010) ............................... *passim*

*De Los Santos v. Just Wood Furniture, Inc.,* 7:05-cv-9369 (WWE),
   7:06-cv-5749 (WWE),
   2010 U.S. Dist. LEXIS 15463 (S.D.N.Y. Feb. 2, 2010) ....................................... 20

*Dong v. CCW Fashion Inc.,*
   06 Civ. 4973 (LAP)(DFE), 07 Civ. 9741 (LAP)(DFE),
   2009 U.S. Dist. LEXIS 33194 (S.D.N.Y. Feb. 19, 2009) ............................... 4,14,21

*Fustok v. ContiCommodity Services,*
   873 F.3d 38 (2d Cir. 1989) .................................................................................. 5

*Gesualdi v. MBM Industries,* CV -10-2607 (BMC),
   2010 U.S. Dist. LEXIS 96319 (E.D.N.Y. Sept. 13, 2010) .................................. 3

*Grant v. Martinez,*
   973 F.2d 96 (2d Cir. 1992) ................................................................................. 19

*Gunawan v. Sake Sushi Rest.,*
   2011 U.S. Dist. LEXIS 96639, 8-9 (E.D.N.Y.) ..................................................... 8

*Herman v. RSR Sec. Servs.,*
   172 F.3d 132 (2d Cir. 1999) ............................................................................... 14

*House v. Kent Worldwide Machine Works,*
   359 Fed. Appx. 206 (2d Cir. 2010) ...................................................................... 3

*Jin v. Pac. Buffet House, Inc.,* CV-06-579 (VVP),
   2009 U.S. Dist. LEXIS 74901 (E.D.N.Y. Aug. 24, 2009) ..................................... 6

*Ke v. Saigon Grill,*
   595 F. Supp. 2d 240 (S.D.N.Y. 2008) ............................................................. 9,14

*Kopec v. GMG Construction,* 09-CV-2187 (KAM) (ALC),
   2010 U.S. Dist. LEXIS 104844 (E.D.N.Y. Sept. 10, 2010) ............................... 7,15

*Lanzetta v. Florio's Enters.,*
   763 F. Supp. 2d 615, 623 (S.D.N.Y. 2011) ............................................................ 11,16,17

*LeBlanc-Sternberg v. Fletcher,*
   143 F.3d 748 (2d Cir. 1998) ............................................................ 21

*Lin v. Hayashi Ya II, Inc.,* 08 Civ. 6071 (SAS) (AJP),
   2009 U.S. Dist. LEXIS 12963 (S.D.N.Y. Jan. 30, 2009) ............................................................ 7,21

*Liu v. Jen Chu Fashion Corp.,* 00 Civ. 4221 (RJH) (AJP),
   2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan. 7, 2004) ............................................................ 15

*Lu v. Jing Fong Restaurant,*
   503 F. Supp. 2d 706 (S.D.N.Y. 2007) ............................................................ 10, 11

*Magnoni v. Smith & Laquercia, LLP,*
   661 F. Supp. 2d 412 (S.D.N.Y. 2009) ............................................................ 6

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund,*
   450 F.3d 91 (2d Cir. 2006) ............................................................ 20

*McLaughlin v. Richland Shoe Company,*
   486 U.S. 128, 108 S. Ct. 1677 (1988) ............................................................ 8

*Mendez v. Nooch, Inc.,* 07 Civ. 11174 (LLS),
   2009 U.S. Dist. LEXIS 25114 (S.D.N.Y. Mar. 5, 2009) ............................................................ 3,6,8

*Moon v. Joon Gab Kwon,*
   248 F. Supp. 2d 201 (S.D.N.Y. 2002) ............................................................ 14

*Morales v. Cancun Charlie's Restaurant,* 3:07-cv-1836 (CFD),
   2010 U.S. Dist. LEXIS 125516 (D. Conn. Nov. 23, 2010) ............................................................ 14

*Pereira v. J. Sisters Hair Care Products,* 08 Civ. 4537 (GBD) (RLE),
   2010 U.S. Dist. LEXIS 53137 (Apr. 5, 2010) ............................................................ 3

*Reich v. Southern New England Telecommunications Corporation,*
   121 F.3d 58 (2d Cir. 1997) ............................................................ 13,14

*Reilly v. Natwest Markets Group,*
   181 F.3d 253 (2d Cir. 1999) ............................................................ 15

*Reiter v. MTA N.Y. City Transit Authority,*
   457 F.3d 224 (2d Cir. 2006) ............................................................ 20

*Rios v. Neighborhood Construction Corporation,* No. 07 Civ. 8701 (LTS),

2009 U.S. Dist. LEXIS 95629 (S.D.N.Y. Oct. 14, 2009) ........................................................ 21

*Rivera v. Ndola Pharmacy Corporation,*
    497 F. Supp. 2d 381 (E.D.N.Y. 2007) ..................................................................... 6,7

*SEC v. Pallais*, 08 Civ. 8384 (GBD) (GWG),
    2010 U.S. Dist. LEXIS 69594 (S.D.N.Y. July 9, 2010) ................................................ 6

*Vasquez v. Ranieri Cheese Corporation*, 07-cv-464-ENV-VVP,
    2010 U.S. Dist. LEXIS 29431 (E.D.N.Y. Mar. 25, 2010) ................................................ 7,9,15

*Wicaksono v. XYZ 48 Corp.,* 10-Civ-3635 (LAK)(JCF)
    2011 U.S. Dist. LEXIS 55771, at *4 (S.D.N.Y. May 2, 2011)........................................... 3,11

*Wong v. Hunda Glass Corporation*, 09 Civ. 4402 (RLE),
    2010 U.S. Dist. LEXIS 90736 (S.D.N.Y. Sept. 1, 2010)................................................ 19, 20

*Yang v. ACBL Corporation,*
    427 F. Supp. 2d 327 (S.D.N.Y. 2005) .................................................................... 6

*Yin v. Kim*, CV 07-1236 (DLI) (JO),
    2008 U.S. Dist. LEXIS 118533 (E.D.N.Y. Mar. 7, 2008) ................................................ 5

*Zhao v. East Harlem Laundromat, Inc.*, 07 Civ. 0201 (RJS)(HBP),
    2010 U.S. Dist. LEXIS 121335 (S.D.N.Y. Oct. 8, 2010) ................................................ 3,4,13

STATUTES:

29 U.S.C. §§ 201 ........................................................................ 1

29 U.S.C. § 203(m) .................................................................... 10

29 U.S.C § 206 ....................................................................... 4, 12

29 U.S.C. § 216(b) ................................................................ 12, 19

29 U.S.C. § 218(a) ................................................................. 11,12

29 U.S.C. § 255 ........................................................................... 8

29 U.S.C. § 260 ......................................................................... 13

N.Y. Labor Law § 196-d ........................................................ 5, 10

N.Y. Labor Law § 198 ...................................................... 4,12,13,19

N.Y. Labor Law § 650 .................................................................. 1

N.Y. Labor Law § 652 ............................................................ 4, 12

N.Y. Lab. Law § 663(3) ....................................................... 9, 12, 13

RULES:

Fed. R. Civ. P. 55 ................................................................. 1,2,22

N.Y. C.P.L.R. § 5001 ................................................................. 15

N.Y. C.P.L.R. § 5004 ................................................................. 15

REGULATIONS:

NYCRR § 137–1.7 ....................................................................... 4

29 C.F.R. § 516.4 ......................................................................... 8

Plaintiff Fanny "Fei Fei" Gunawan ("Plaintiff") submits this memorandum of law in support of her motion for entry of a default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.[1]

## **Preliminary Statement**

Plaintiff is entitled to judgment by default under Rule 55(b) because Defendant Sake Sushi Inc. ("Defendant" or "Sake Sushi") failed to prepare a joint pre-trial statement, and the Court, accordingly, directed the Clerk to strike its answer and enter its default. (Ex. B.)

Plaintiff alleges that she regularly worked more than ten hours per day and more than sixty hours per week, but Defendant paid her just $500 per month. (*See generally* Compl.) Accordingly, Plaintiff brought this action to recover Defendant's failure to meet the standards for minimum wage, overtime compensation and "spread-of-hours" pay under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law §§ 650 *et seq.* ("NYLL"). Defendant also illegally required Plaintiff to share her tips with the restaurant's chef, who was not a proper tip-pool participant.

The factual allegations in the Complaint fully support each of the alleged causes of action. Where, as here, a party is in default, the Court should accept the plaintiff's allegations of fact as true. *See, e.g., Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993) ("[F]actual allegations are taken as true in light of the general default judgment[.]"). Furthermore, Plaintiff has sufficiently established the basis for her request for damages through her submissions.

---

[1]  To assist the Court, Plaintiffs herewith submit the Affirmation of Matthew D. Kadushin, dated February 29, 2012 (" Kadushin Aff."), attaching as Exhibit A the complaint filed in this action on November 16, 2010 ("Complaint" or "Compl."), attaching as Exhibit B, the Court's Order from January 27, 2012 and the Clerk's Entry of Default, attaching as Exhibit C, the records for the attorneys' time and the expenses in this case. Plaintiffs further submit herewith the Affidavit of Fanny "Fei Fei" Gunawan, dated February 11, 2012 ("Gunawan Aff.").

## Background

Plaintiff worked as a waitress at Sake Sushi from May 2006 until 2007. (Gunawan Aff. ¶ 3.)  During her tenure at Sake Sushi, Plaintiff regularly worked approximately 67 hours per week. (*Id.* at ¶ 5.) On Sundays, she worked from 11:30 a.m. until 11:00 p.m.  On Tuesdays, Wednesdays and Thursdays, she worked from 11:00 a.m. until 11:00 p.m.  On Fridays, she worked from 11:00 a.m. until 12:00 a.m.  On Saturdays, she worked half a day from 5:00 p.m. until 11:00 p.m.  She had Mondays off.  (*Id.*)

Despite her grueling schedule, Plaintiff received only $500 per month in wages, plus her tips, which she received from the customers.  (*Id.* at ¶ 8.)  Sake Sushi paid Plaintiff's wages in cash once a month; she never received a paycheck.  (*Id.*)

Plaintiff estimates that she earned approximately $150 per night in tips on weekdays (Tuesday, Wednesday and Thursday), between $180 and $190 in tips per night on weekends (Friday and Sunday), and about $130 per night on her half days on Saturday.  (*Id.* at ¶¶ 10-11.) However, Sake Sushi required Plaintiff to give 10% of her nightly tips to the chef/kitchen manager. *(Id.)*

## Legal Argument

## I.  PLAINTIFF IS ENTITLED TO ENTRY OF DEFAULT JUDGMENT.

It is indisputable that Defendant is in default.  On January 26, 2012, Court directed the Clerk to strike Defendant's answer and enter its default.  (Ex. B.)  Plaintiff was entitled to an entry of default by virtue of the Defendant's failure to comply with the Court's orders.  Fed. R. Civ. P. 55(b)(2).

2

## A. The Well-Pleaded Allegations In The Complaint Must Be Accepted As True.

For purposes of a default motion, the well-pleaded factual allegations set forth in the complaint are accepted as true. *See Wicaksono v. XYZ 48 Corp.*, 10-Civ-3635 (LAK) (JCF), 2011 U.S. Dist. LEXIS 55771, at *4 (S.D.N.Y. May 2, 2011) ("When a defendant has defaulted, a plaintiff's well-pleaded allegations concerning issues other than damages must be accepted as true.") (internal quotations and citations omitted); *Gesualdi v. MBM Indus.*, CV-10-2607 (BMC), 2010 U.S. Dist. LEXIS 96319, at *2 (E.D.N.Y. Sept. 13, 2010) ("In light of defendants' default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true.").[2]  "A factual allegation will be deemed not well-pleaded only in 'very narrow, exceptional circumstances.'" *Pereira v. J. Sisters Hair Care Prods.*, 08 Civ. 4537 (GBD) (RLE), 2010 U.S. Dist. LEXIS 53137, at *4 (Apr. 5, 2010), *adopted by*, 2010 U.S. Dist. LEXIS 53249 (S.D.N.Y. June 1, 2010).

The factual allegations deemed admitted also should include Plaintiff's allegations that Defendant's failure to compensate her in accordance with state and federal law was willful. (Compl. ¶¶ 6-7, 19-20, 23, 29, 34, 37) "Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness." *Da Silva v. Bennet St. Dev. Corp.*, CV

---

[2]    *See also House v. Kent Worldwide Mach. Works, Inc.*, 359 Fed. Appx. 206, 207 (2d Cir. 2010); *Mendez v. Nooch, Inc.*, 07 Civ. 11174 (LLS), 2009 U.S. Dist. LEXIS 25114, at *6 (S.D.N.Y. Mar. 5, 2009); *Zhao v. East Harlem Laundromat, Inc.*, 07 Civ. 0201 (RJS)(HBP), 2010 U.S. Dist. LEXIS 121335, at *6 n.3 (Oct. 8, 2010), *adopted by*, 2010 U.S. Dist. LEXIS 121328 (S.D.N.Y. Nov. 12, 2010) ("As a result of defendant's default, all the allegations of the Complaint as to it … must be taken as true."); *Alston v. Northstar La Guardia LLC*, 10 Civ. 3611 (LAK) (GWG), 2010 U.S. Dist. LEXIS 90958, at *3 (S.D.N.Y. Sept. 3, 2010).

3

05-2989 (ARR)(MDG), 2010 U.S. Dist. LEXIS 112832, at *35-36 (E.D.N.Y. Sept. 24, 2010)

(citing cases).[3]

## B. The Allegations Clearly Establish Defendant's Liability.

### 1. Minimum Wage, Overtime And Spread-Of-Hours.

According to the well-pleaded allegations in her Complaint and her affidavit, the Plaintiff

worked approximately 67 hours every week, and most days worked more than ten hours per day.

(Gunawan Aff. ¶ 5; Compl. ¶8.)  Yet Defendant only paid Plaintiff $500 per month.  (Gunawan

Aff. ¶ 8; Compl. ¶ 10.)  Thus, it is indisputable that Plaintiff is entitled to 1) the minimum wage

for all hours worked, 2) overtime compensation when she exceeded forty working hours per

week, and 3) spread-of-hours pay for those days when her shifts exceeded ten hours.  *See* 29

U.S.C. § 206; NYLL § 652; 12 NYCRR § 137–1.7.

### 2. Misappropriated Tips.

Plaintiff contends that Defendant forced her to share their tips with the restaurant chef.

(Gunawan Aff. ¶¶ 10, 12; Compl. ¶¶ 12, 33.)  NYLL Section 196-d ("Section 196-d") prohibits

any employer from "demand[ing] or accept[ing], directly or indirectly, any part of the gratuities,

---

[3]  *See also Zhao v. East Harlem Laundromat, Inc.*, 07 Civ. 0201 (RJS)(HBP), 2010 U.S. Dist. LEXIS 121335, at *10 (Oct. 8, 2010), *adopted by,* 2010 U.S. Dist. LEXIS 121328 (S.D.N.Y. Nov. 12, 2010) ("I infer that the defendants acted willfully by virtue of their default in this action."); *Cao v. Wu Liang Ye Lexington Rest.*, 08 Civ. 3725 (DC), 2010 U.S. Dist. LEXIS 109373, at *16-17 (S.D.N.Y. Sept. 30, 2010) ("[D]efendants' violations of the FLSA were willful.  Indeed, defendants defaulted on the allegations in the complaint, including the allegations of lack of good faith."); *Dong v. CCW Fashion Inc.*, 06 Civ. 4973 (LAP)(DFE),07 Civ. 9741 (LAP)(DFE), 2009 U.S. Dist. LEXIS 33194, at *12 (Feb. 19, 2009), *adopted by,* 2009 U.S. Dist. LEXIS 27104 (S.D.N.Y. Apr. 1, 2009) ("The defendants defaulted and therefore plaintiffs are entitled to . . . a finding that the defendants' conduct was willful . . . ."); *Boyke v. Superior Credit Corp.*, 01-CV-0290, 2006 U.S. Dist. LEXIS 93928, at *21 (N.D.N.Y Dec. 28, 2006) ("Since defendant has admitted all of the allegations of the complaint by virtue of its default, the court cannot find good faith because this admission means that defendant has acknowledged violating the FLSA. Obviously, a willful violation of the statute would preclude a finding of good faith.").

received by an employee." NYLL § 196-d; *Alejo v. Darna Rest.*, 09 Civ. 5436 (CM) (AJP), 2010 U.S. Dist. LEXIS 133613, at *9 (S.D.N.Y. Dec. 17, 2010).

As a result of Defendant's illegal tip practices, Defendant must "disgorge the amount of tip-credit deducted from each plaintiff's wages," and return to Plaintiff the amount of tips wrongfully withheld. *Chan v. Sung Yue Tung Corp.*, 03 Civ. 6048 (GEL), 2007 U.S. Dist. LEXIS 7770, at *59, 65 (S.D.N.Y. Feb. 1, 2007) (awarding wrongfully withheld tips where plaintiffs were required to share tips with improper employees). *See, e.g., Cao,* 2010 U.S. Dist. LEXIS 109373 at *12 (awarding wrongfully withheld tips).

## II. THE COURT MAY SET DAMAGES WITHOUT AN INQUEST.

"'The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence 'as long as [the Court has] ensured that there was a basis for the damages specified in [the] default judgment.'" *Cesario v. BNI Constr.,* No. 07 Civ. 8545, 2008 U.S. Dist. LEXIS 103155, at *3-4 (Dec. 15, 2008) (quoting *Fustok v. ContiCommodity Servs.,* 873 F.3d 38, 40 (2d Cir. 1989)), *adopted by,* 2009 U.S. Dist. LEXIS 12888 (S.D.N.Y. Feb. 19, 2009). *See also House,* 359 Fed. Appx. at 207 ("We have previously held that a hearing is not necessary when the district court relies 'upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record' to calculate a damage award."); *Alejo,* 2010 U.S. Dist. LEXIS 133613 at *7 (same).

Here, Plaintiff's sworn affidavit detailing the days she worked, her hours, the wages she was paid (as opposed to the amounts they were legally owed), and the amount of tips Defendant misappropriated suffice to establish damages. *See Yin v. Kim*, CV 07-1236 (DLI) (JO), 2008 U.S. Dist. LEXIS 118533, at *7 (Mar. 7, 2008) ("Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing."), *adopted by*, 2008 U.S. Dist. LEXIS

26064 (E.D.N.Y. Mar. 31, 2008); *Da Silva*, 2010 U.S. Dist. LEXIS 112832 at *13 (finding that although plaintiffs' submissions, which consisted of sworn declarations, were "sparse, at best," "in the default context, where the defendants have failed to dispute plaintiffs' allegations," plaintiffs have provided "a sufficient basis for determination of damages without a hearing").[4]

While employees seeking unpaid wages under the FLSA usually bear the initial burden of proving that they performed work for which they were not properly compensated, courts are mindful of the fact that "it is the employer who has the duty . . . to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946).

Thus, "[w]here an employer fails to keep and preserve the proper records, the Supreme Court has established a burden-shifting approach for making determinations of fact concerning wages paid and hours worked." *Jin v. Pac. Buffet House, Inc.*, CV-06-579 (VVP), 2009 U.S. Dist. LEXIS 74901, at *15 (E.D.N.Y. Aug. 24, 2009). The employee does not need documentary evidence to satisfy his burden; she can rely on his recollection alone. *See, e.g., id.*; *Magnoni v. Smith & Laquercia, LLP*, 661 F. Supp. 2d 412 (S.D.N.Y. 2009); *Rivera v. Ndola Pharm. Corp.,* 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007); *Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005). "'[T]he employer cannot be heard to complain that the damages

---

[4]   *See also Gesualdi*, 2010 U.S. Dist. LEXIS 96319 at *3 (declarations and other documentary evidence sufficient to establish damages without a hearing); *SEC v. Pallais*, 08 Civ. 8384 (GBD) (GWG), 2010 U.S. Dist. LEXIS 69594, at *5 (S.D.N.Y. July 9, 2010) ("Because plaintiff's submissions provide such a basis [for establishing damages], no hearing is required."); *Mendez*, 2009 U.S. Dist. LEXIS 25114 at *6-7 (awarding damages based on plaintiffs' submissions "which [are] unrebutted by defendants").

lack the exactness and precision of measurement that would be possible had he kept records.'" *Rivera,* 497 F. Supp. 2d at 389 (quoting *Anderson,* 328 U.S. at 688).

Where, as here, the employer is in default, a plaintiff is similarly permitted to rely on her recollections to establish damages. "[B]y defaulting, defendants have deprived the plaintiffs of the necessary employee records required by FLSA, thus hampering plaintiffs' abilities to prove their damages." *Da Silva,* 2010 U.S. Dist. LEXIS 112832 at *14-15.[5] "Because Defendants have failed to respond to Plaintiffs' complaint and Plaintiffs' motion for damages, Plaintiffs' testimony as to their employment duties, the hours they worked, their rate of pay, and Defendants' withholding of compensation are uncontested and [the court will] assume them to be correct for the purpose of this motion." *Kopec v. GMG Constr.,* 09-CV-2187 (KAM) (ALC), 2010 U.S. Dist. LEXIS 104844, at *3 (Sept. 10, 2010), *adopted by,* 2010 U.S. Dist. LEXIS 104842 (E.D.N.Y. Sept. 30, 2010); *Lin v. Hayashi Ya II, Inc.,* 08 Civ. 6071 (SAS) (AJP), 2009 U.S. Dist. LEXIS 12963, at *8 (Jan. 30, 2009), *adopted by,* 2009 U.S. Dist. LEXIS 15513 (S.D.N.Y. Feb. 26, 2009).

Thus, Plaintiff's affidavit sufficiently establishes the basis for her request for damages so that no inquest is necessary. *Alejo,* 2010 U.S. Dist. LEXIS 133613 at *7; *Cesario,* 2008 U.S. Dist. LEXIS 103155 at *3-4.

## III. PLAINTIFF'S DAMAGE CALCULATIONS.

### A. Applicable Limitations Periods.

#### 1. The FLSA's Three-Year Statute of Limitations Is Applicable Because Defendant's Actions Were Willful.

---

[5]   *See also Alejo,* 2010 U.S. Dist. LEXIS 133613 at *7; *Vasquez v. Ranieri Cheese Corp.,* 07-cv-464-ENV-VVP, 2010 U.S. Dist. LEXIS 29431, at *25 (E.D.N.Y. Mar. 25, 2010); *Chao v. Vidtape,* 196 F. Supp. 2d 281, 293-94 (E.D.N.Y. 2002), *aff'd in relevant part, modified in part on other grounds,* 2003 U.S. App. LEXIS 10707 (2d Cir. May 29), *cert. denied,* 540 U.S. 1047, 124 S. Ct. 807 (2003).

The statute of limitations under the FLSA is ordinarily two years, but may be extended to three years if the cause of action arises out of a willful violation of the Act. 29 U.S.C. § 255(a). The Supreme Court has held that a willful violation is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 1681 (1988).

Here, Plaintiff has alleged that Defendant's failure to pay her in accordance with the FLSA and NYLL was willful (Compl. ¶¶ 6-7, 19-20, 23, 29, 34, 37), and Defendant's default is deemed an admission of those allegations. *See supra* at 4 & n.3. *See also Mendez*, 2009 U.S. Dist. LEXIS 25114 at *11 (extending the limitations period to three years against Defendants who had defaulted, citing allegations in the complaint that Defendants had willfully violated FLSA).

## 2.  The FLSA Statute of Limitations.

The statute of limitations for Plaintiff's FLSA claims should be equitably tolled to cover the full period of her employment because Defendant failed to post a notice of workers' rights in the workplace, as required by law.  Under federal law, any employer subject to FLSA's minimum wage provisions must post and keep posted a notice explaining the Act . . . in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4.  This government-issued notice not only lists the minimum wage, but explains FLSA s tip credit provision.

Here, Defendant failed to post the notice or otherwise properly notify Plaintiff of her rights under the FLSA.  (Gunawan Aff. ¶ 13.)  Plaintiff did not learn of her rights under the FLSA until she was terminated.  (*Id.*)  Plaintiff's claims, therefore, should be equitably tolled from June 2007. *Gunawan v. Sake Sushi Rest.*, 2011 U.S. Dist. LEXIS 96639, 8-9 (E.D.N.Y.

8

Aug. 26, 2011) ("Application of the three year statute of limitations along with its tolling until June 2007 would capture the entire period of employment."). *See also Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("To invoke [the equitable tolling] doctrine, the plaintiff need not demonstrate that the defendant was guilty of fraudulent concealment. Even his failure to provide required notice of the governing legal requirements may be a sufficient basis for tolling.") (citations omitted); *Ramirez v. CSJ & Co.,* 06 Civ. 13677 (LAK), 2007 U.S. Dist. LEXIS 28901, at *7 (S.D.N.Y. Apr. 3, 2007) (denying motion to dismiss claims beyond 3-year federal statute of limitations where plaintiffs alleged that defendants had not posted required signs and plaintiffs had no actual knowledge of the law).

### 3. The NYLL Statute of Limitations.

The statute of limitations for Plaintiff's claims brought under the NYLL is six years, which encompasses each Plaintiff's entire period of employment. NYLL §§ 198(3), 663(3). *See Vasquez*, 2010 U.S. Dist. LEXIS 29431 at *54-55 ("New York law has a six-year-statute of limitations for violations of its overtime, minimum wage and spread of hours pay requirements. Accordingly, Defendant is liable under New York law for any violations that accrued during the six years that preceded the filing of the action.") (citations omitted).

### B. Plaintiff May Recover Unpaid Wages At The Ordinary, Statutorily Prescribed Minimum Wage And Overtime Rates.

### 1. Defendant Is Not Entitled To A "Tip Credit."

Under limited circumstances, an employer may pay a tipped employee an hourly wage that is less than the minimum wage where the amount of tips the employee actually receives,

added to the hourly wage the employer pays, is at least equal to the minimum wage. 29 U.S.C. § 203(m); 12 N.Y.C.R.R. §§ 137-1.1-1.3. This practice is known as taking a tip credit.[6]

Both the FLSA and NYLL do not permit employers to take a tip credit unless all tips received by the employee have been retained by the employee. *See Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 395, 309 (S.D.N.Y. 1998) ("[D]efendant must disgorge the amount of tip credit deducted from each plaintiff's wages during the period that the tip pool violated [29 U.S.C.] § 203(m)."); *Lu v. Jing Fong Rest.*, 503 F. Supp. 2d 706, 711 (S.D.N.Y. 2007) (finding that illegal deductions from employees' tips render an employer "ineligible to receive a tip credit under New York law"); *Chan*, 2007 U.S. Dist. LEXIS 7770 at **69-70 (where defendant violated tip credit provisions, plaintiffs were entitled to "the difference between the reduced hourly wage he or she was paid because of the tip credit allowance the defendants took and the statutorily-prescribed minimum wage, including at the applicable New York minimum wage for all hours after January 1, 2005, when New York's rate was increased above the federal minimum wage"). This means that tips may be pooled among employees, but participants in the tip pools may only include those who other service employees who customarily and regularly receive tips.

Here, Plaintiff maintains that Defendant illegally required her to share her tips with the restaurant chef – a non-service employee. (Gunawan Aff. ¶¶ 10-11.) It is well-settled that under Section 196-d, the only people who are similar to waiters and therefore allowed to share their tips are individuals who provide direct customer service and have direct interaction with

---

[6]    The FLSA permits employers to take a tip credit up to 50% of the minimum wage except that the credit "may not exceed the value of tips actually received by the employee." 29 U.S.C. § 203(m). During the relevant period, the FLSA tip credit allowed an employer to pay tipped employees $2.13 per hour. 29 U.S.C. § 203(m).   New York law, however, permits only a credit of $1.35. *See* 12 N.Y.C.R.R. §§ 137-1.1-1.3. The tip credit minimum wage under New York law was: Until 2007-$4.35; 2007-2008-$4.60.

customers. *See Lu*, 503 F. Supp. 2d at 711 (noting that under Section 196-d dishwashers may not participate in a tip pool because they do not provide direct customer service); *Chan v. Triple 8 Palace*, No. 03 Civ. 6048, 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. March 30, 2006) ("*Triple 8 Palace*") (stating that the inclusion of non-service employees in a tip pool violates Section 196-d).

The FLSA further imposes an affirmative duty on an employer wishing to avail itself of the tip credit to explain to its employees the requirements of the law regarding minimum wages and the employer's intention to take the tip credit. *Lanzetta v. Florio's Enters.*, 763 F. Supp. 2d 615, 623 (S.D.N.Y. 2011) ("As defendants presented no evidence that they satisfied the notice requirements of either the FLSA or the Labor Law, no tip credit can be taken and [they are] liable for the full minimum wage.") (internal quotations omitted); *Chan,* 2007 U.S. Dist. LEXIS 7770, at *52 ("[T]he defendants were also ineligible for the federal tip credit because they failed to provide plaintiffs with proper notice of minimum wage laws.").

Sake Sushi did not properly notify Plaintiff that it intended to use a federal tip credit to supplement her hourly wage. In fact, she was specifically informed that she would only be paid $500 per month. Therefore, Defendant is not entitled to the federal tip credit for any hours that Plaintiff worked for Defendant.

### 2. The Applicable Minimum Wage Should Be The Higher Of The Federal And State Minimum Wage for The Relevant Time Period.

In calculating damages arising from minimum wage, overtime, and spread-of-hours violations, the applicable minimum wage should be the federal or state minimum wage, whichever is higher at the relevant time. The federal minimum wage is intended to be a floor, not a ceiling. *See* 29 U.S.C. § 218(a). Thus, to the extent state minimum wage levels exceeded federal levels state minimum wage levels should apply in calculating damages. *See Wicaksono,*

11

2011 U.S. Dist. LEXIS 55771, at *9 ("[T]he plaintiffs are entitled to recover whichever minimum wage — state or federal — was the highest at any given period of their employment."); *Chan*, 2007 U.S. Dist. LEXIS 7770 at *70 (referring to New York's minimum wage for FLSA claims where "the applicable New York minimum wage for all hours after January 1, 2005, when New York's rate was increased above the federal minimum wage") (citing 29 U.S.C. § 218(a) which required employers to comply with the higher state minimum wage).[7]

## C. Plaintiff Is Entitled To Liquidated Damages Under The FLSA And NYLL.

Both the FLSA and the NYLL provide for liquidated damages in addition to actual damages. The FLSA provides for liquidated damages of 100 percent. 29 U.S.C. § 216(b). The NYLL provides for liquidated damages of 25 percent for labor law violations. NYLL §§ 198, 663.

### 1. FLSA Liquidated Damages.

An employer who violates the FLSA is liable for the unpaid wages and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). An employer is liable for liquidated damages unless it can demonstrate that its actions were in good faith and that it had reasonable grounds for believing its actions or omissions did not violate FLSA. *Barfield v. New York City Health & Hosps.* Corp., 537 F.3d 132, 150 (2d Cir. 2008) ("To establish the requisite subjective 'good faith,' an employer must show that it took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'"). "Under the FLSA, double damages are the norm unless a defendant shows that it acted in good-faith and that its conduct was

---

[7]   The full FLSA minimum wage was $5.15 per hour throughout Plaintiff's employment. *See Chan*, 2007 U.S. Dist. LEXIS 7770 at *46 ("Federal law sets the minimum at $ 5.15[.]"). 29 U.S.C. § 206. The New York State minimum wage was $ 6.75 on and after January 1, 2006, and $ 7.15 on and after January 1, 2007. NYLL § 652(1).

lawful by providing plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it." *Ayres*, 12 F. Supp. 2d at 309 (internal quotations omitted).

The Second Circuit has explained that "the employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness. The burden, under 29 U.S.C. § 260, is a difficult one to meet, however, and 'double damages are the norm, single damages the exception.'" *Reich v. Southern New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) (citations and internal quotation marks omitted). *See also Brock v. Wilamowsky,* 833 F.2d 11, 20 (2d Cir. 1987) ("The Act does not authorize the court to decline to award liquidated damages, in whole or in part, unless the employer has established its good-faith, reasonable-basis defense.").

Here, where the Defendant has defaulted, it certainly has not met its burden to demonstrate that its failure to pay Plaintiff in compliance with federal and state law was somehow in "good faith." *See Zhao*, 2010 U.S. Dist. LEXIS 121335 at *24 ("Because the defendant has ceased defending this action and a default judgment has been ordered, the defendant has not carried the burden of showing that an award of liquidated damages is inappropriate. Therefore, liquidated damages are appropriate under both federal and state law.").

## 2. NYLL Liquidated Damages.

The NYLL allows a worker to recover twenty-five percent of his unpaid wages as liquidated damages where his employer's violation was willful. NYLL §§ 198(1-a), 663(1). Since, as discussed *supra*, Defendant's wage and hour violations were willful, Plaintiff is entitled to liquidated damages under the NYLL. *See Blue v. Finest Guard Services,* 09 CV 133 (ARR), 2010 U.S. Dist. LEXIS 73233 (E.D.N.Y. June 24, 2010) (report and recommendation) ("Plaintiffs are also entitled under state law to receive liquidated damages of

13

25% if the employer's underpayments were willful. The test for determining willfulness under the NYLL is the same test used to determine willfulness under the FLSA."); *Ayres,* 12 F. Supp. 2d at 309 ("A violation of the New York Labor Law is wilful, warranting an award of 25% liquidated damages in addition to lost wages, where the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages. No finding of malice or bad faith, however, is necessary."); *Moon v. Joon Gab Kwon,* 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002) (same).

Moreover, Plaintiff may be awarded liquidated damages under both the FLSA and NYLL for the same time periods because these damages, though sharing the same name, serve fundamentally different purposes. "A prevailing plaintiff who can justify both federal liquidated damages and state-law damages should be eligible to recover both." *Ke v. Saigon Grill*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008) (citations and quotations omitted).[8]

"Because liquidated damages under the FLSA and the [NYLL] serve fundamentally different purposes, a plaintiff may recover liquidated damages under both the FLSA and the Labor Law." *Cao*, 2010 U.S. Dist. LEXIS 109373 at *16. Liquidated damages under the FLSA are the functional equivalent of prejudgment interest; they are "not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999). See also *Reich*, 121 F.3d at 71 ("Liquidated damages under the FLSA are considered compensatory rather than punitive in nature."). The compensatory nature of FLSA liquidated damages is further underlined by the allocation of the burden of proof to the defendant, who must make an affirmative showing of good faith to avoid liability. *Brock*, 833 F.2d at 19. By

---

[8]    *See, e.g., Da Silva*, 2010 U.S. Dist. LEXIS 112832, at *34; *Dong,* 2009 U.S. Dist. LEXIS 33194, at *11; *Ayres,* 12 F. Supp. 2d at 309. *See also Morales v. Cancun Charlie's Rest.*, 3:07-cv-1836 (CFD), 2010 U.S. Dist. LEXIS 125516, at *26 (D. Conn. Nov. 23, 2010).

contrast, liquidated damages under the NYLL are punitive in nature; they "'constitute a penalty' to deter an employer's willful withholding of wages due*." Reilly v. Natwest Mkts. Group*, 181 F.3d 253, 265 (2d Cir. 1999) (quoting *Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 116, 74 A.D.2d 550, 551 (1st Dep't 1980)), cert. denied, 528 U.S. 1119 (2000).

Thus, the calculations for liquidated damages for each Plaintiff reflect: (1) FLSA liquidated damages, covering the entirety of Plaintiff's employment, based upon damages arising from minimum wage and overtime pay violations; and (2) NYLL liquidated damages, covering the entirety of Plaintiff's employment, based upon damages arising from the same violations, as well as from violations concerning spread-of-hours pay and tip misappropriations.

### D.  Plaintiff Is Entitled To Prejudgment Interest On Her NYLL Claims.

Plaintiff is also entitled to prejudgment interest at a statutory rate of nine percent, on any award of damages under the NYLL (withheld tips and spread of hours pay) as well as damages for minimum wages and overtime for which Plaintiff could recover under both the NYLL and FLSA.  *See* N.Y. C.P.L.R. §§ 5001, 5004; *Kopec,* 2010 U.S. Dist. LEXIS 104844 at *12 ("Although Plaintiffs cannot recover both liquidated damages and prejudgment interest under the FLSA**,** they may recover NYLL prejudgment interest on unpaid wages that were awarded under both the FLSA and NYLL, even where FLSA liquidated damages have also been awarded based on that amount."); *Chan,* 2007 U.S. Dist. LEXIS 33883 at *25 (same).

Prejudgment interest may be awarded in addition to any liquidated damages that the Court may award.  *See Reilly*, 181 F.3d at 265 (holding that even where a plaintiff is awarded liquidated damages under the NYLL, prejudgment interest still is appropriate), *cert. denied,* 528 U.S. 1119 (2000); *Vasquez,* 2010 U.S. Dist. LEXIS 29431 at *58 ("In contrast to federal law, an award of liquidated damages under New York law is punitive in nature, so an employee awarded liquidated damages under New York law may also recover pre-judgment interest."); *Liu v. Jen*

15

*Chu Fashion Corp.*, 00 Civ. 4221 (RJH) (AJP), 2004 U.S. Dist. LEXIS 35, at *16 (S.D.N.Y. Jan. 7, 2004) (same). *See also Blue*, 2010 U.S. Dist. LEXIS 73223 at *35-36 ("'To the extent . . . damages awarded to the plaintiff represent compensation for lost [back] wages, 'it is ordinarily an abuse of discretion not to include prejudgment interest.'") (citation and internal quotation marks omitted).

## IV. DAMAGES ANALYSIS.

Based on the above, the damages Plaintiff seeks and is entitled to are: (a) the full minimum wage for each regular hour worked, (b) the full overtime rate for each overtime hour worked, (c) the amount of tips Defendant required Plaintiff to share with the chef, (d) the spread-of-hours premiums for each workday exceeding ten hours, (e) liquidated damages under federal and state law, (f) prejudgment interest on their NYLL claims, and (g) attorney fees and expenses. *See Chan,* 2007 U.S. Dist. LEXIS 7770 at *70-84 (awarding each of these elements of damages).

**Compensatory Damages:**

**Minimum wages, overtime and spread-of-hours due May 10, 2006 - December 31, 2006 (31 Weeks)**: From the beginning of Plaintiff's employment of May 10, 2006, the New York minimum wage was $6.75 per hour and her overtime rate was therefore $10.125. *Lanzetta,* 2011 U.S. Dist. LEXIS 85613 at * 6 n.2. For the 40 regular hours she worked each week, Plaintiff should have been paid $270 per week. For the 27 overtime hours she worked each week, she should have been paid $273.38 per week. So Plaintiff is owed $543.38 per week in minimum wages and overtime pay. Plaintiff is also owed $6.75 for each workday as a "spread of hours" premium, totaling an additional $33.75 per week.

**Totals**: Minimum wages and overtime pay -- $543.38 minus the $125 she was paid (418.38) multiplied by 31 weeks equals **$12,969.78**. Spread of hours pay -- $33.75 multiplied by 31 weeks equals **$1,046.25**.

**Minimum wages, overtime and spread-of-hours due after January 1, 2007 (25 weeks):** From January 1, 2007 until Plaintiff was terminated, the New York minimum wage was $7.15 per hour and her overtime rate was therefore $10.725. *Lanzetta*, 2011 U.S. Dist. LEXIS 85613 at *6 n.2. For the 40 regular hours she worked each week, Plaintiff should have been paid $286 per week. For the 27 overtime hours she worked each week, she should have been paid $289.58 per week. So Plaintiff is owed $575.58 per week in minimum wages and overtime pay. Plaintiff is also owed $7.15 for each workday as a "spread of hours" premium, totaling an additional $35.75 per week.

**Totals:** Minimum wages and overtime pay -- $575.58 minus the $125 she was paid multiplied (450.58) by 25 weeks equals **$11,264.50.** Spread of hours pay -- $35.75 multiplied by 25 equals **$893.75.**

**Misappropriated tips:** Plaintiff estimates that she earned approximately $950 per week in tips. (Gunawan Aff. ¶ 11.) Defendant illegally required that she give the chef 10% of those tips. Therefore, Plaintiff is owed $95 dollars for each week she worked for a total amount of **$5,320.**

**Total Compensatory Damages:** As illustrated above, Plaintiff's total compensatory damages for the entire period during which she worked for Defendant is **$31,494.28.**

**Liquidated Damages:**

**NYLL:** Plaintiff is entitled to 25% of her total compensatory damages (**$31,494.28**) under the NYLL, as liquidated damages under the NYLL (**$7,837.57**)

**FLSA:** Plaintiff is entitled to 100% of her total compensatory damages under the FLSA as liquidated damages. Plaintiff's FLSA compensatory damages are calculated as follows:

17

**<u>FLSA Minimum wages, overtime Throughout Plaintiff's Employment (56 Weeks)</u>:**

From the beginning of Plaintiff's employment of May 10, 2006, until the end of the employment the federal minimum wage as $5.15 per hour and her overtime rate was therefore $7.73. For the 40 regular hours she worked each week, Plaintiff should have been paid $206 per week. For the 27 overtime hours she worked each week, she should have been paid $208.58 per week. So Plaintiff is owed $414.58 per week in minimum wages and overtime pay.

**Totals**: FLSA Minimum wages and overtime pay -- $414.58 minus the $125 she was paid ($289.58.) multiplied by 56 weeks equals **$16,216.20**.

**<u>FLSA Liquidated Damages</u>:** As illustrated above, Plaintiff's total FLSA liquidated damages for her the entire period of employment with Defendant are **$16,216.20**

**Total Damages:** Plaintiff's total damages, including compensatory and liquidated damages are **$55,584.05.**

As set forth above, Plaintiff is entitled to prejudgment interest at a statutory rate of 9 percent, on her total amount of damages under the NYLL.

| Name | NYLL Comp. Damages | NYLL Liquidated Damages | FLSA Liquidated Damages | Pre-judgment Interest (Dec 1, 2006) [9] | Total Damages |
|---|---|---|---|---|---|
| Fannie Gunawan | **$31,494.28** | **$7,837.53** | **$16,216.20** | **$14,172.43** | **$69,756.48** |

---

[9]    The mid-point of each Plaintiff's employment. *See Da Silva*, 2010 U.S. Dist. LEXIS 112832 at *38-39 ("[B]ecause plaintiffs were periodically denied wages during their term of employment with defendants, the court . . . . finds the midway point between when 'plaintiff[s] began and ceased working for defendant[s]' as a 'reasonable intermediate date' for purposes of calculating prejudgment interest.").

## V. PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS.

In an action under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fees and costs are also awardable under the NYLL with respect to the state law claims. NYLL § 198; *Cao,* 2010 U.S. Dist. LEXIS 109373 at *22-23.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 (2d Cir. 2008). Prior to *Arbor Hill*, this amount was known as the "lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee." *Id.* at 183; *Cao,* 2010 U.S. Dist. LEXIS 109373 at *22.

The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted). However, in considering the records, the Court should not "engage in 'an *ex post facto* determination of whether attorney hours were necessary to the relief obtained.'" *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *20 (quoting *Grant*, 973 F.2d at 99)). "The 'most important factor to a determination of what constitutes reasonable attorney's fees is the degree of success obtained by plaintiff.'" *Wong v. Hunda Glass Corp.*, 09 Civ. 4402 (RLE), 2010 U.S. Dist. LEXIS 90736, at *3 (S.D.N.Y. Sept. 1, 2010).

Plaintiff's attorneys have submitted a compilation of their time records for the Court's consideration on this motion. (Ex. C.) The Court should find that all attorney hours spent on

19

this case were reasonable under the circumstances and include every hour expended in its calculation of the presumptively reasonable fee.[10]

With respect to determining a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184; *Cao*, 2010 U.S. Dist. LEXIS 109373 at *23-24. The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (citation omitted). In considering the appropriate rate, the Court may also use its own knowledge of the relevant market. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006).

Here, Plaintiff's counsel -- attorneys at a firm that specializes in wage and hour cases[11] -- seek rates of $350 per hour for a partner and $300 per hour for a senior associate. This Court has approved these rates in a similar case. *Wicaksono*, 2011 U.S. Dist. LEXIS 55771, at *33. Other Courts frequently have approved these rates for attorneys with similar experience. *See, e.g., Wong*, 2010 U.S. Dist. LEXIS 90736 at *8-9 ("[T]he range of fees in this District for civil rights and employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour. Based on the skill displayed by Counsel, and the number of years experience, the Court finds that a rate of $350 per hour is a reasonable rate for the work performed in this rather straightforward FLSA case.") (internal citations omitted) (citing cases); *De Los Santos v. Just Wood Furniture, Inc.*, 7:05-cv-9369 (WWE), 7:06-cv-5749 (WWE), 2010 U.S. Dist. LEXIS 15463, at *7 (S.D.N.Y. Feb. 2, 2010) (approving rate of $350 per hour based

---

[10]   Particularly since Plaintiff is not even including approximately ten hours of paralegal time in its submission.

[11]   Kadushin Aff. ¶¶ 7-10.

on counsel's "substantial experience in litigating employment cases and FLSA cases in particular"); *Dong,* 2009 U.S. Dist. LEXIS 33194 at *17 (same). *See also Rios*, 2009 U.S. Dist. LEXIS 95629 at *7 (approving rate of $400); *Lin*, 2009 U.S. Dist. LEXIS 12963 at *34 (same).

| Name | Position | Hours | Requested Rate Per Hour | Fees |
|------|----------|-------|-------------------------|------|
| D. Maimon Kirschenbaum | Partner | 24.7 | 350.00 | $8,645 |
| Diane Hester | Partner | 74.5 | 350.00 | $26,075 |
| Matthew Kadushin | Associate | 26.1 | 300.00 | $7,830 |
| | | | | **Total Fees $43,825** |

The small amount ($1,069.50) of costs sought by Plaintiff is also reasonable. Plaintiff is entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Here, Plaintiff are only seeking costs related to their court filings.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and award damages in the amounts set forth herein.

Dated: New York, New York
       February 29, 2012

                                  Respectfully submitted,
                                  JOSEPH, HERZFELD HESTER &
                                  KIRSCHENBAUM LLP

                                  By: /s/Matthew Kadushin
                                  Matthew D. Kadushin
                                  233 Broadway
                                  5th Floor
                                  New York, NY 10279
                                  Tel: (212) 688-5640
                                  Fax: (212) 688-2548
                                  *Attorneys for Plaintiffs*

22