UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FANNY "FEI FEI" GUNAWAN,       :
                                :
       Plaintiff,              :   Civil Action No. 09-CV-5018
                                :
       v.                      :
                                :
SAKE SUSHI RESTAURANT, INC.     :
                                :
       Defendant.              :
                                :
-----------------------------------------------------------x

## AFFIRMATION OF MATTHEW KADUSHIN

    I, Matthew D. Kadushin, an attorney duly admitted to practice in the Eastern District of New York, declare under penalty of perjury:

1. I am an associate at Joseph, Herzfeld, Hester & Kirschenbaum LLP ("JHHK"), and, attorney for the Plaintiff. I make this affirmation in support of Plaintiff's motion for default judgment, pursuant to Rule 55 (b)(2) of the Federal Rules of Civil Procedure.

2. I am personally familiar with the facts discussed herein and attach as exhibits hereto true and correct copies of the documents referenced within.

3. Attached hereto as Exhibit A is a true and correct copy of the Complaint filed in this action on November 16, 2009.

4. Attached hereto as Exhibit B is a true and correct copy of the Court's Order from January 27, 2012 holding the Defendant in default, and the Clerk's Entry of Default.

5. Attached hereto as Exhibit C is a true and correct copy of the time records and expense report kept by the firm in connection with this matter.

6. All of the legal services are reflected in Exhibit C. In my professional opinion, all of the time billed was reasonably necessary.

7. Joseph, Herzfeld, Hester and Kirschenbaum is a law firm whose practice focuses almost exclusively on employee rights. Specifically, the firm represents employees in wage and hour and discrimination matters. Mr. Kirschenbaum leads the firm's practice area regarding wage and hour cases in the food services industry.

8. Since graduating from Fordham University School of Law in 2005, Mr. Kirschenbaum has worked at Joseph Herzfeld. He has been a member of the firm since May of 2007.

9. More than 90% of Mr. Kirschenbaum's current caseload involves lawsuits against New York City restaurants for wage and hour violations. In the past four years, Joseph Herzfeld has served as lead or class counsel in more than forty class and collective actions on behalf of people employed in the New York food industry, in addition to a significant number of individual actions. *See e.g., Kato v. Masa NY,* Index No. 09-104578 (S. Ct., N.Y. County Jan. 28, 2010) (certifying class and appointing JHHK class counsel); *Spicer v. Pier Sixty LLC,* 269 F.R.D. 321 (S.D.N.Y. 2010) (certifying class and appointing JHHK class counsel); *Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55 (S.D.N.Y. 2009) (conditionally certifying FLSA collective action of restaurant workers); *Pefanis v. Westway Diner, Inc.,* No. 08 Civ. 002 (S.D.N.Y. Aug. 7, 2009) (certifying class and appointing JHHK class counsel); *Agofanova v. Nobu Corp.,* No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of settlement and certification of settlement class in wage and hour class action); *Williams v. Twenty Ones, Inc.,* No. 07 Civ. 3978, 2008 WL 2690734 (S.D.N.Y. June 30, 2008) (conditionally certifying FLSA collective action of restaurant/club workers); *Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317 (S.D.N.Y. Oct. 5, 2007) (conditionally certifying FLSA collective action of restaurant workers).

10. As a result of these lawsuits, we have recovered significant sums of money for thousands of New York City restaurant employees, and our litigation has increased awareness of wage and hour laws throughout the New York City restaurant industry.

11. I received my JD from New York University School of Law in 2000. I worked as a public defender in Washington, DC and New York City for approximately 9 years before joining JHHK in or around October 2009. The majority of my current docket involves wage and hour class action lawsuits.

12. The summary judgment briefing in this matter was primarily done by Diane Hester, who is also a member of Joseph, Herzfeld, Hester and Kirshenbaum. After graduating from Harvard Law School in 1990, she worked as a litigation associate at the law firm Debevoise & Plimpton. She left there in 2004 and joined Joseph Herzfeld as a part-time partner. Since joining the firm, Ms. Hester has spent 100% of her time on employment related matters (predominantly on behalf of plaintiffs) and about 50% of her time on cases brought on behalf of food service employees.

13. Maimon Kirschenbaum and Diane Hester – both partners at a firm that specializes in wage and hour cases – seek a rate of $350 per hour. I seek a rate of $300 per hour. We have applied a discount to our regular rates, which consistently have been approved in wage and hour class action settlements, to reflect the relatively straightforward nature of this non-class action case that resulted in a default judgment. Courts frequently have approved this rate for attorneys with similar experience.

14. The number of attorney hours submitted are supported by the firm's records, are reasonable and were necessarily expended on this litigation. Below is a chart representing each attorney's hours and the hourly rate we are requesting:

| Individual | Rate | Total Hours | Total |
|---|---|---|---|
| D. Maimon Kirschenbaum | $350 | 24.7 | $8,645 |
| Diane Hester | $350 | 74.5 | $26,075 |
| Matthew Kadushin | $300 | 26.1 | $7,830 |
| Paralegals | $125 | 10.2 | $1,275 |
| | | Total: | $43,825 |

15. JHHK incurred the following costs in litigating this case:

| Description of cost | Total costs |
|---|---|
| Filing fees | $350 |
| Service of process | $95 |
| Deposition expenses and witness fees | $624.50 |
| Total: | $1,069.50 |

16. It should also be kept in mind that as a result of Defendant's default in this case, should Plaintiff receive a default judgment in her favor, more attorney hours will be spent attempting to enforce the judgment, for which we likely will not be compensated.

17. Plaintiff's expenses, which we paid on their behalf pursuant to the terms of the retainer agreements, are $1069.50. All listed costs and expenses were reasonably and necessarily incurred and are readily identifiable.

I affirm, under penalty of perjury, that the above and foregoing information is true and correct.

Dated: New York, New York
February 29, 2012

/s/ Matthew D. Kadushin
Matthew D. Kadushin

4