# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Matthew D. Kadushin
Michael D. Palmer
Denise A. Schulman

Of Counsel:
Diane Hester
Michael DiChiara*
*Also admitted in NJ & MA

The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
Phone (212) 688-5640
Fax (212) 688-2548
www.jhllp.com

June 21, 2012

**VIA ECF**

Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Fanny "Fei Fei" Gunawan v. Sake Sushi Restaurant, Inc.*
     *Civil Action No. 09 CV 05018 (ALC) (E.D.N.Y.)*

Honorable Judge Orenstein:

  Please be advised that we represent Fanny "Fei Fei" Gunawan, Plaintiff in the above-referenced matter.

  Pursuant to this Court's request, we respectfully submit this letter brief to supplement Plaintiff's <u>Motion of Law in Support of Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55(b)(2)</u>. In this letter brief, we provide further substantive arguments in support of Plaintiff's allegation that Defendant was an "enterprise" within the meaning of the applicable statute, Plaintiff's allegation of Defendants' willfulness, and Plaintiff's argument in favor of equitable tolling of the statute of limitations.

  In light of the following arguments, we respectfully request that this Court grant Plaintiff's <u>Motion for Default Judgment</u>.

**<u>Defendant Sake Sushi Was an "Enterprise" within the Meaning of the FLSA</u>**

  In order to prevail on the claim that a Defendant constitutes an "enterprise" within the meaning of the Fair Labor Standards Act ("FLSA"), a plaintiff must ultimately

establish that the employer has two or more employees regularly and recurrently "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and that the employer's annual gross volume of sales is $500,000 or more. *Huerta v. Victoria Bakery*, 2012 U.S. Dist. LEXIS 46415 (E.D.N.Y. Feb. 17, 2012)(J. Orenstein), *citing* 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238. Under this standard, Plaintiff has sufficiently alleged that Defendants constitute an "enterprise."

In the initial complaint, Plaintiff alleged that throughout the relevant period, Defendant Sake Sushi employed multiple "employees" who were engaged in the production of "goods" for "commerce," as defined by the FLSA, 29 U.S.C. § 203. Under the "sensible approach adopted by other judges in this district," this pleading should be sufficient to show "the requisite interstate commerce connection." *Huerta v. Victoria Bakery*, 2012 U.S. Dist. LEXIS 46407 (E.D.N.Y. March 30, 2012)(finding it to be a reasonable inference that bakers in a Brooklyn bakery handled products from out of state, and thus that the pleadings sufficiently alleged interstate commerce). In this case, it is equally reasonable to infer that Plaintiff's sales of sushi involved raw fish from out of state, and thus that she "regularly and recurrently" handled, sold and otherwise worked on goods that had been moved or produced out of state. It would thus be "sensible" to infer that Plaintiff sufficiently alleged that employer had two or more employees engaged in commerce.

The relevant case law makes it clear that a plaintiff need not allege with specificity that a defendant's annual volume of sales exceeds $500,000. Rather, it is sufficient at the pleading stage to merely allege, as Plaintiff did, that a defendant is an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 USC § 203. (Complaint ¶ 14.) Whether a defendant's annual gross sales exceed $500,000 speaks to the merits of a plaintiff's claim, not to whether a Court has jurisdiction over it. *See Torres v. M.S. Italian Specialties Corp. d/b/a Ravioli Fair*, 2012 U.S. Dist. LEXIS 56768 (E.D.N.Y. April 12, 2012)(refusing to uphold a Motion to Dismiss on the grounds that Plaintiff did not need to allege a volume of sales in excess of $500,000 in his initial complaint, as Plaintiff was entitled to discovery with respect to Defendants' volume of sales). Had Defendants not defaulted in this case, Plaintiff would be entitled to discovery on the issue of a defendant's volume of business. However, given that Defendants defaulted, Plaintiffs should not be punished for the resulting inability to engage in discovery with respect to Defendants' volume of sales. Instead, it would be equitable to defer to Plaintiff's well-pled allegation that Defendants were requisitely engaged in "commerce."

Given that Defendants defaulted and that Plaintiff's properly alleged that Defendants can be deemed an "enterprise," Defendants can be "deemed to have admitted every well-pleaded allegation of the complaint." *See Blue v. Finest Guard Servs.*, 2010 U.S. Dist. LEXIS 73223 (E.D.N.Y. June 24, 2010); *Wong v. East River Chinese Rest.*, 884 F. Supp. 663, 669 (E.D.N.Y. 1995); *Deshmukh v. Cook*, 630 F. Supp.956, 959 (S.D.N.Y. 1986). Indeed, a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See*

*Erickson v. Pardus, 551 U.S. 89, 97 (2007)*; *Ofori-Tenkorang v. Am. Int'l Group, Inc., 460 F.3d 296, 298 (2d Cir. 2006)*. Given Defendants' default, and Plaintiff's well-pled allegations, it is equitable to find that Defendants constitute an "enterprise" within the meaning of the applicable statute.

However, even if this Court does not deem Plaintiff's pleadings sufficient, "justice" would not be further served by requiring Plaintiffs to serve Defendants with "another round of pleadings that do little more than make explicit what is readily inferable," namely that Defendants' employees were engaged in commerce and that Defendants had the requisite volume of annual sales. *Huerta v. Victoria Bakery*, 2012 U.S. Dist. LEXIS 46407 (E.D.N.Y. March 30, 2012). Just as in other cases where a default judgment was entered, Defendants in this case were served with the complaint nearly three years ago, and "subsequently served with the motion papers seeking a default judgment," and "have declined each of these opportunities to interpose some sort of factual or legal challenge to the claims made against them." *Id.* As such, Plaintiffs should be deemed to have sufficiently alleged that Defendants constitute an "enterprise" within the meaning of the applicable statute.

**Defendant Sake Sushi's Conduct Was Willful**

An FLSA violation is deemed willful if an employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Gonzalez v. El Acajutla Rest. Inc.*, 2007 U.S. Dist. LEXIS 19690 (E.D.N.Y. Mar. 20, 2007)(J. Orenstein), *citing McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Plaintiff explicitly pleaded precisely this in the complaint. In Paragraph 6, Plaintiff alleges that when Defendants systematically underpaid her, they committed this conduct "knowingly, intentionally, and willfully."(Complaint ¶ 6.)

Despite the fact that Plaintiff worked over 62 hours per week throughout her tenure at Sake Sushi, Defendants paid her a flat rate of $500 in cash each month, placing her wages at well below the legal minimum. (Complaint ¶ 10). This failure to pay Plaintiff anything close to the minimum wage is akin to other cases in this District in which outrageous underpayment "at the very least, supports a finding that defendants intentionally violated the minimum wage provisions of the labor law." *See* e.g. *Da Silva v. Bennet St. Dev. Corp.*, 2010 U.S. Dist. LEXIS 112832 (E.D.N.Y. Sept. 24, 2010)(finding a willful violation of labor laws where defendants "simply did not pay" plaintiffs for multiple days of work). Defendant's blatant underpayment of Plaintiff therefore displays Defendants' willfulness.

In situations such as this, where Plaintiffs adequately pled Defendants' willfulness and Defendant has failed to contest these allegations, Courts have routinely awarded liquidated damages. *See Wicaksono v. XYZ 48 Corp.*, 2011 U.S. Dist. LEXIS 55771 (S.D.N.Y. May 2, 2011)("Because the defendant defaulted and the complaint alleges that all of the violations were undertaken "knowingly, intentionally and willfully," the plaintiffs are entitled to a finding that the defendant's conduct was willful."); *see also Blue v. Finest Guard Services, Inc.*, 2010 U.S. Dist. LEXIS 73223, at *11 (E.D.N.Y. June 24, 2010) ("Since the [] defendant has failed to appear in court for this case, and a default

judgment has entered against it, its failure to pay plaintiffs' minimum wages is deemed to be willful."); *Dong v. CCW Fashion Inc.*, 2009 U.S. Dist. LEXIS 33194, at *12 (S.D.N.Y. Feb. 19, 2009)("The defendants defaulted and therefore plaintiffs are entitled to [] a finding that the defendants' conduct was willful.").

Finally, because Defendants defaulted, it would be inequitable to require Plaintiff to provide documentation of Defendants' actual knowledge of minimum wage laws in addition to alleging blatant underpayment. Without Defendants' participation in this case, it has been impossible for Plaintiff to conduct sufficient discovery. Plaintiff should not be unduly penalized for Defendants' default.

As such, Defendants' conduct should be deemed willful.

### Given that Defendant's Conduct Was Willful, the Statute of Limitations Should Be Equitably Tolled

When Judge Carter ruled on Plaintiff's <u>Motion for Summary Judgment</u> in August 2011, finding an insufficient basis to equitably toll Plaintiff's claims, Defendants had not yet defaulted. *Gunawan v. Sake Sushi Rest.*, 2011 U.S. Dist. LEXIS 96639, 6-7 (E.D.N.Y. Aug. 26, 2011). After Defendants' default, just as the Court struck Defendants' answer, so should this Court disregard the previous decision on summary judgment. However, irrespective of whether the Court strikes the ruling on summary judgment, Defendants' default places this case into an entirely different procedural posture; as such, Plaintiffs' request for equitable tolling should be considered anew. Generally, claims under the FLSA must be brought within two years of a violation. *See* 29 U.S.C. § 255(a). However, in cases such as this where Defendants' conduct was willful, the statute of limitations "period is extended to three years." *Huerta v. Victoria Bakery*, 2012 U.S. Dist. LEXIS 46415 (E.D.N.Y. Feb. 17, 2012)(J. Orenstein). Not only is Defendants' willfulness evident in the fact that they concealed Plaintiff's rights from her by failing to provide notice as required by the FLSA, but Defendants' default serves as further evidence of their willfulness. *See e.g., Dong v. CCW Fashion Inc.*, 2009 U.S. Dist. LEXIS 33194, at *12 (S.D.N.Y. Feb. 19, 2009) ("The defendants defaulted and therefore plaintiffs are entitled to [] a finding that the defendants' conduct was willful"). The allegations in this case fully justify equitable tolling of Plaintiff's claims from June 2007, as this would capture the entire period of Plaintiff's employment. *See Gunawan v. Sake Sushi Rest.*, 2011 U.S. Dist. LEXIS 96639, 8-9 (E.D.N.Y. Aug. 26, 2011).

Equitable tolling is properly invoked to extend the statute of limitations beyond the time of expiration in order "to avoid inequitable circumstances." *Lanzetta v. Florio's Enters.*, 763 F. Supp. 2d 615, 622 (S.D.N.Y. 2011). Specifically, equitable tolling may be used to suspend the statute of limitations "against a plaintiff who is unaware of his cause of action," a step particularly appropriate in cases such as this, in which the defendant's conduct "concealed from the plaintiff the existence of a cause of action." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008), citing *Cerbone v. Int'l Ladies Garment Workers Union*, 768 F.2d 45, 28 (2d Cir. 1985). Defendants' failure to

4

post notice of Plaintiff's rights under the FLSA constitutes a systematic concealment of these rights.

Both state and federal law impose certain notice requirements on employers, which constitute strict prerequisites to taking tip credits. Employers must "post and keep posted a notice explaining the Act . . . in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4. The notice must list the minimum wage and explain the tip-credit provision of the law and advise that the employer is prohibited from discriminating or retaliating against employees who seek relief under the FLSA. *See, e.g., Chan*, 2007 U.S. Dist. LEXIS 7770, 18-19 (S.D.N.Y. Feb 1, 2007). Throughout Plaintiff's tenure at Sake Sushi, Defendants failed to post such a notice. (Gunawan Aff. ¶ 13.) Not only did Defendants fail to post this required notice, they made no other effort to properly notify Plaintiff of her rights under the FLSA. (*Id.*) Defendants' failure to post such notices "is an important factor in determining the propriety of equitable tolling." *Upadhyay v. Sethi*, 2012 U.S. Dist. LEXIS 11054 (S.D.N.Y. Jan. 24, 2012).

Not only did Defendants fail to notify Plaintiff of her rights under the FLSA, but a reasonable person in Plaintiff's position would not have been aware of her rights. *See, e.g. Lanzetta v. Florio's Enters.*, 763 F. Supp. 2d 615, 622 (S.D.N.Y. 2011)(finding that in determining whether to equitably toll claims, courts consider whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action). A plaintiff need not demonstrate that the defendant was guilty of fraudulent concealment in order to invoke equitable tolling; indeed, failure to provide employees with the required FLSA notice alone justifies the application of equitable tolling doctrine. *See Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008)(finding that even if the defendant simply failed to provide a plaintiff with the required notice governing her rights, this may be sufficient to equitably toll claims); *Chen v. Grand Harmony Rest., Inc.*, 2011 U.S. Dist. LEXIS 117952, 7-8 (S.D.N.Y. Aug. 10, 2011)("Equitable tolling may apply where defendants neglect to appropriately post the FLSA provisions or the New York Department of Labor's notice on minimum wage provisions."); *Saunders v. City of New York*, 594 F. Supp. 2d 346, 359 (S.D.N.Y. 2008) ("[F]ailure to comply with the regulatory obligation to disclose the existence of a cause of action... is the type of concealment that entitles plaintiff to equitable tolling of the statute of limitations"). Defendants' failure to post notice or otherwise notify Plaintiff of her rights under the FLSA and NYLL thus constitutes the type of systematic concealment that justifies application of equitable tolling in this case.

Moreover, as Plaintiff has sworn, she did not learn of her rights under the FLSA until she was terminated. (Gunawan Aff. ¶ 13.) Indeed, Plaintiff was so unaware of her rights that she accepted rock bottom wages of $500 per month, working an outrageous 62 hours per week, for multiple years. As in other cases in which claims have been equitably tolled, it "was clearly the goal of defendants to minimize their labor costs and to keep a cowed work staff in place." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008). Moreover, "depriving the employees of notice of their rights appears to

have been an essential part of this process." *Id.* Under such circumstances, it is reasonable that Plaintiff would not have been aware of the existence of a cause of action.

Given that Plaintiff was unaware of her rights until she was terminated, and that Defendants took an active role in concealing these rights from Plaintiff, the statute-of-limitations defense should be inapplicable in this case. It would therefore be equitable to toll Plaintiff's claims from June 2007, as this would capture the entire period of her employment.

## Conclusion

Given the above arguments, we respectfully request that this Court grant Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55(b)(2).

Thank you for considering our position.

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

/s/
Matthew Kadushin

D. Maimon Kirschenbaum
233 Broadway, Fifth Floor
New York, NY 10279
Tel: 212-688-5640
Fax: 212-688-2548
*Attorneys for Plaintiff*